**FILED**
July 12, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RUBEN RODRIGUEZ,** § | | |
| **TDCJ No. 02179324,** § | | |
| § | | |
| **Petitioner,** § | | |
| § | | |
| v. § | | **CIVIL NO. SA-20-CA-01107-OLG** |
| § | | |
| **BOBBY LUMPKIN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| **Respondent.** § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Ruben Rodriguez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 10), and Petitioner's Reply (ECF No. 12) thereto. Petitioner challenges the constitutionality of his 2018 state court convictions for possessing a controlled substance and possessing a firearm as a felon, alleging, among other things: (1) his indictment was defective because it did not provide notice that the use of a deadly weapon would be an issue, (2) his conviction is the product of an unlawful search and seizure, (3) his sentence constitutes cruel and unusual punishment because he did not understand the full range of punishment, and (4) the State withheld evidence in order to obtain a guilty plea. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In January 2018, Petitioner plead guilty to one count of possession of a controlled substance with intent to deliver and one count of possession of a firearm by a felon and was sentenced to fifteen years of imprisonment on each count, with the sentences to run concurrently. *State v. Rodriguez*, Nos. 2015CR10288 and 2015CR10289 (399th Dist. Ct., Bexar Cnty., Tex. Jan. 24, 2018); (ECF Nos. 11-20 at 63-64, 11-23 at 63-64). Pursuant to the plea bargain agreements, Petitioner judicially confessed to committing the offenses, plead true to the enhancement paragraphs, and waived his right to appeal. (ECF Nos. 11-20 at 35-44, 11-23 at 30-39). As a result, Petitioner did not appeal his convictions and sentences.

Instead, Petitioner waited until December 3, 2018, to file state habeas corpus applications challenging his convictions and sentences. *Ex parte Rodriguez*, No. 91,045-01, -02 (Tex. Crim. App.); (ECF Nos. 11-20 at 4-24, 11-23 at 4-26). The Texas Court of Criminal Appeals ultimately denied these applications without written order on April 29, 2020. (ECF Nos. 11-18, 11-21). Petitioner then placed the instant federal habeas petition in the prison mail system on September 10, 2020. (ECF No. 1 at 10).

## II. Timeliness Analysis

Respondent contends the allegations raised in Petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's convictions became final February 23, 2018, when the time for appealing the judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying convictions and sentences expired a year later on Monday, February 25, 2019.[1] Petitioner did not file his § 2254 petition until September 10, 2020—well over a year and a half after the limitations period expired—thus, his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.** **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner first challenged the instant convictions by filing two state habeas applications on December 3, 2018, which were eventually denied by the Texas Court of Criminal Appeals on April 29, 2020. Accordingly, Petitioner's state habeas applications tolled the

---

[1] Because the end of the limitations period fell on a Saturday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

limitations period for a total of 514 days, making his federal petition due July 23, 2020. Again, he did not file the instant § 2254 petition until September 10, 2020—50 days too late.

B. **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not provided this Court with any valid reason to equitably toll the limitations period in this case.[2] Even with the benefit of liberal construction, Petitioner is not entitled to the application of equitable tolling because he has not demonstrated the existence of an "extraordinary circumstance" that prevented his timely filing. Indeed, a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Petitioner also fails to demonstrate that he has been pursuing his rights diligently. Each of the allegations in Petitioner's federal petition concern the constitutionality of his January 2018

---

[2] In his short Reply, Petitioner cites two cases for the proposition that the application of the statute of limitations is unconstitutional. *See* ECF No. 12 (*citing Will v. Davis*, 970 F.3d 536 (5th Cir. 2020) and *Long v. Hooks*, 972 F.3d 442 (4th Cir. 2020)). Neither case even mentions the statute of limitations, much less stands for the proposition Petitioner now asserts.

guilty pleas, yet Petitioner did not submit his state habeas corpus applications challenging these convictions until December 3, 2018, over nine months after his convictions had already become final under the AEDPA's statute of limitations. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence."). Further, Petitioner fails to provide any legitimate reason why he waited over four months after the denial of his state habeas applications in April 2020 to file the instant petition in this Court.

Because Petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## IV. <u>Conclusion</u>

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and Petitioner Ruben Rodriguez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

**SIGNED** this the __12th__ day of July, 2021.

                           **ORLANDO L. GARCIA**
                           **Chief United States District Judge**